```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION



TIMOTHY H. COOPER,

            Plaintiff,
                                    Case No. 2:12-cv-825
     v.                             Judge Frost
                                    Magistrate Judge King

THE COMMERCIAL SAVINGS BANK,
et al.,

            Defendants.
```

## OPINION AND ORDER

This matter is before the Court on *Plaintiff Timothy Cooper's Motion for Leave to Amend Complaint*, Doc. No. 34, and *Plaintiff Timothy Cooper's Supplement to Motion for Leave to Amend Complaint-Instanter*, Doc. No. 35 (collectively, "*Motion for Leave to Amend*").[1]

### I. BACKGROUND

Plaintiff, a resident of Delaware County, Ohio, filed the original *Complaint*, Doc. No. 1, on behalf of himself and a class of plaintiffs, alleging that defendants, a bank, the bank's attorney, Sean A. Martin, and a confessing attorney, Charles L. Bartholomew, fraudulently obtained cognovit judgments against bank customers in a Wyandot County court that lacked subject matter jurisdiction because

---

[1] Plaintiff's original motion for leave to amend, Doc. No. 34, appears to contain a filing error in that it attached only one page.  Plaintiff's supplemental motion, Doc. No. 35, is comprised of a one-page motion and offers the proposed amended complaint on pages 2-21 ("*Proposed Amended Complaint*").

1

Wyandot County is not the county where the maker resides or where the warrant of attorney was signed, as is required by O.R.C. § 2323.13. Plaintiff specifically alleges that the rendering of cognovit judgments, under the circumstances, deprived him and the members of the putative class of substantive and procedural due process. Plaintiff also alleges that the challenged cognovit judgments violated Ohio law and worked a fraud upon the state court.  Plaintiff asserts constitutional claims under 42 U.S.C. § 1983 against the defendant attorneys.  Plaintiff also asserts state law claims of abuse of process, negligence and civil conspiracy against all defendants. Plaintiff seeks declaratory, injunctive and monetary relief and asks that O.R.C. § 2323.13 be declared unconstitutional.[2]

On February 12 and 13, 2013, defendants Bartholomew and Martin moved for summary judgment.  Doc. Nos. 21 and 22.  After these motions were fully briefed, plaintiff moved to postpone a ruling on the motions.  Doc. No. 32.[3]  Plaintiff then filed the *Motion for Leave to Amend*, which defendants Martin and Bartholomew oppose.  *See Defendant Sean Martin's Memorandum Contra Against Granting Cooper Motion for Leave to Amend Complaint*, Doc. No. 36 ("*Martin's Memo. Contra*"), and *Memorandum of Defendant Bartholomew in Opposition to Plaintiff's Motion to Amend Complaint*, Doc. No. 40 ("*Bartholomew's Memo. Contra*"). With the filing of *Plaintiff Timothy H. Cooper's Reply Memorandum in Support of Motion to Amend Complaint*, Doc. No. 41 ("*Reply*"), this

---

[2] Counsel agreed at the pretrial conference that the particular cognovit judgment entered against plaintiff has been vacated by the state court. *Preliminary Pretrial Order*, Doc. No. 6, p. 2 n.1.
[3] The Court expedited briefing on plaintiff's motion to postpone.  *Order*, Doc. No. 33.

2

matter is now ripe for resolution.

**II.   STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). "In reviewing a motion to dismiss, [the trial court] construe[s] the complaint in the light

3

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### III. DISCUSSION

While representing that he seeks "to provide more specificity concerning his claims[,]" Doc. No. 34, p. 1, plaintiff nevertheless provides no insight into the specific differences between the original *Complaint* and the *Proposed Amended Complaint*. In comparing the two documents, however, the Court notes that the *Proposed Amended Complaint* offers some additional allegations to support plaintiff's existing claims. *See, e.g.*, *Proposed Amended Complaint*, ¶¶ 25, 28, 59-60, 65-70, 83-86, 91, 97, 104.

Defendant Bartholomew, too, notes little difference between the original *Complaint* and the *Proposed Amended Complaint*, contending that the latter document is "simply an attempt to massage the facts that are stated to try to create a cause of action." *Bartholomew's Memo. Contra*, p. 1. For this reason, defendant Bartholomew further argues that the *Motion for Leave to Amend* is plaintiff's effort to avoid a ruling on the pending motions for summary judgment as to the original *Complaint*. *Id*. However, since the filing of *Bartholomew's Memo. Contra*, the Court has denied plaintiff's motion to postpone ruling on

4

these pending motions. *See Opinion and Order*, Doc. No. 42. Moreover, the Court is not persuaded that, based on the present record, granting leave to amend necessarily moots the pending motions for summary judgment. Accordingly, defendant Bartholomew's argument to deny the *Motion for Leave to Amend* is not well-taken.

Defendant Martin argues that the *Motion for Leave to Amend* should be denied as futile because (1) plaintiff has no damages; (2) the doctrine of *res judicata* applies; and (3) this Court lacks jurisdiction over the action. *Martin's Memo. Contra*, p. 2. Defendant Martin therefore argues that "[n]o matter how specific [plaintiff] Cooper makes his complaint . . . he has no cause of action." *Id*. In reply, plaintiff advances several substantive arguments, supported by factual allegations, contending that the *Proposed Amended Complaint* sets forth facts sufficient to state a claim upon which relief may be granted. *Reply*, pp. 1-3 (citing Ohio Revised Code § 2323.13[4]). Plaintiff also represents that "[t]his is a case of first impression." *Id*. at 3.

Based on the present record, the Court cannot say that plaintiff's claims, which invoke Ohio law, are not plausible on their face. *See* Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. 544 at 570. Accordingly, where the proposed amendment complaint is plausible on its face and there are substantial arguments to be made as to the viability of plaintiff's claims, the Court concludes that the better course is to permit the amendment. *See*, *e.g.*, *Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 U.S. Dist. LEXIS 160907, at

---

[4] This section is entitled "[w]arrant of attorney to confess."

5

*10-11 (S.D. Ohio Nov. 9, 2012) (granting leave to amend and recognizing the conceptual difficulty presented when "a Magistrate Judge, who cannot ordinarily rule on a motion to dismiss," considers futility when ruling on a motion for leave to amend); *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 U.S. Dist. LEXIS 121573, at *11-12 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Yeager v. Union County Comm'r*, No. 2:05-cv-0950, 2006 U.S. Dist. LEXIS 16882, at *8 (S.D. Ohio April 6, 2006) (same).  Whether or not plaintiff can eventually prevail on his claims is not, of course, before the Court at this juncture.

    **WHEREUPON**, *Plaintiff Timothy Cooper's Motion for Leave to Amend Complaint*, Doc. No. 34, and *Plaintiff Timothy Cooper's Supplement to Motion for Leave to Amend Complaint-Instanter*, Doc. No. 35, are **GRANTED**.  The Clerk is **DIRECTED** to file the amended complaint, which is attached to Doc. No. 35.


April 19, 2013                                        *s/Norah McCann King*
                                                         Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge