**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIMOTHY H. COOPER,**

**Case No. 2:12-cv-0825**
    **Plaintiffs,**                      **JUDGE GREGORY L. FROST**
                                    **Magistrate Judge Norah McCann King**

**v.**

**THE COMMERCIAL SAVINGS BANK, et al.,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on the following filings:

1.  The separate motions for summary judgment of Defendants Sean Martin (ECF No. 56), The Commercial Savings Bank (ECF No. 57), and Charles Bartholomew (ECF No. 59);

2.  Plaintiff Timothy H. Cooper's consolidated memorandum contra Defendants' motions (ECF No. 61);

3.  The reply memorandum of Defendant Bartholomew (ECF No. 62) and the joint reply memorandum of Defendants Martin and The Commercial Savings Bank (ECF No. 63) in support of summary judgment; and

4.  Plaintiff's motion for class certification (ECF No. 49) and Defendants' responses thereto (ECF Nos. 52, 53).

For the reasons set forth in detail below, the Court **GRANTS** Defendants' motions for summary judgment as to Plaintiff's federal claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and therefore **DISMISSES** them without prejudice

1

to refiling in state court.  The Court **DENIES AS MOOT** Plaintiff's motion for class

certification.

## I.

This case arises out of a cognovit judgment entered against Plaintiff in July 2011 in the

Wyandot County (Ohio) Court of Common Pleas.  Plaintiff alleges that Defendants violated his

constitutional rights in connection with their roles as creditor (The Commercial Savings Bank),

creditor's attorney (Defendant Martin), and confessing attorney (Defendant Bartholomew).

Plaintiff also alleges a number of state-law tort claims in connection with the same conduct.

In July 2011, Defendant Bartholomew received a request to act as the confessing attorney

to confess judgment on a cognovit note, for which Defendant Commercial Savings Bank was the

obligee.  Plaintiff was the debtor on the cognovit note.  Bartholomew reviewed the

documentation of the note to confirm that the note contained the warning required by statute and

to confirm the amount of delinquency on the loan.[1]  Defendant Martin, the creditor's attorney,

brought the original paperwork to Bartholomew, who signed the confession of judgment

pursuant to the terms of the cognovit note.  In an affidavit, Bartholomew testified that he

believed Wyandot County was the proper venue for the action to obtain the cognovit judgment

against Plaintiff.  (Bartholomew Aff. ¶ 8, ECF No. 59-1.)

Shortly after the Wyandot County Court of Common Pleas entered the cognovit judgment

against him, Plaintiff filed a motion for relief from judgment under Rule 60(B) of the Ohio Rules

of Civil Procedure.  The common pleas court granted Plaintiff's motion, vacated the cognovit

---

[1] Under Ohio law, a warrant of attorney to confess judgment on a cognovit note must contain the
following language: "Warning -- By signing this paper you give up your right to notice and court trial. If
you do not pay on time a court judgment may be taken against you without your prior knowledge and the
powers of a court can be used to collect from you regardless of any claims you may have against the
creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any
other cause."  Ohio Rev. Code § 2323.13(D).

judgment, and dismissed the case.  Plaintiff obtained relief based on the fact that the Wyandot County Court of Common Pleas lacked jurisdiction to enter judgment on the cognovit note under Ohio Rev. Code § 2323.13.  Pursuant to that statute, an attorney confessing judgment on a cognovit note must do so in the county where the maker resides or the county where the warrant of attorney was signed.  *See* Ohio Rev. Code § 2323.13(A).  Plaintiff did not execute the note in Wyandot County; nor did Plaintiff reside in Wyandot County.

Plaintiff claims to have incurred $2,616.34 in legal fees and other costs resulting from the wrongful filing of the cognovit proceeding in Wyandot County.  (Cooper Aff. ¶ 22, ECF No. 28.)  Plaintiff also alleges that the scenario that played out against him —  Defendants obtaining a cognovit judgment in the Wyandot County Court of Common Pleas when that court lacked jurisdiction under Ohio Rev. Code § 2323.13 — was not a unique occurrence.  Plaintiff alleges that Defendants did that not only to him, but have done so generally between the years of 1986 and 2011.  (Am. Compl. ¶ 2, ECF No. 44.)  Plaintiff alleges that there has been an arrangement for several years in which The Commercial Savings Bank and Martin would file complaints for cognovit judgments against Bank customers and that Bartholomew (or other attorneys) would be engaged to sign and file answers confessing judgment in Wyandot County even though venue was not proper there.  (*Id.* at ¶ 30.)

Plaintiff filed this action against Defendants in September 2012.  In his amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants deprived him of property without due process of law.  (Am. Compl. ¶¶ 81-93.)  The amended complaint also contains state law claims for abuse of process, negligence, civil conspiracy, and malicious prosecution.  Plaintiff has also filed a motion for class certification (ECF No. 49) and seeks to

proceed in this action on behalf of himself and others against whom Defendants have allegedly

obtained invalid cognovit judgments.

## II.

Summary judgment is proper where no genuine dispute of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a

motion for summary judgment, the court must draw all reasonable inferences in favor of the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The central issue is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## III.

Plaintiff's amended complaint relies upon 42 U.S.C. § 1983 to invoke the Court's federal

question jurisdiction. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

Thus, in order to assert valid § 1983 claims, Plaintiff must show (1) deprivation of a right

secured by the Federal Constitution or laws of the United States and (2) that a person acting

under color of state law caused the deprivation. *See Alkire v. Irving*, 330 F.3d 802, 813 (6th Cir.

2003); *see also Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978).

Defendants contend that Plaintiff's claim under § 1983 fails as a matter of law because he

cannot establish the requisite "state action" on their part. Indeed, none of the Defendants is

alleged to be a government official or other agent of the state. Rather, Plaintiff alleges that

private parties like Defendants can be deemed state actors because "[p]rivate use of state laws such as garnishment, attachment, replevin, and by extension, cognovit proceedings, can constitute state action under 42 U.S.C. § 1983."  (Pl.'s Memo Contra, ECF No. 61, at PageID# 619.)

### A.  Ohio's Statutory Procedure for Cognovit Judgments

At the root of Plaintiff's claims in this case is the allegation that Defendants wrongfully obtained a confession of judgment pursuant to a cognovit note.  A cognovit is " 'the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.'"  *Merchants Bank & Trust Co. v. Five Star Fin. Corp.*, 195 Ohio App. 3d 42, 2011-Ohio-2476, 958 N.E. 2d 964, at ¶ 6 (Ohio Ct. App. 2011) (quoting *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 176 (1972)).  "The purpose of a cognovit note is to allow the holder of the note to obtain judgment quickly and without a trial."  *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 913 N.E. 2d 993, 2009-Ohio-2508, at ¶ 19 (Ohio Ct. App. 2009).

Ohio Rev. Code §§ 2323.12 and 2323.13 govern an Ohio trial court's jurisdiction over cognovit notes.  Ohio Rev. Code § 2323.12 authorizes judgments by confession and § 2323.13 "provides for warrants of attorney, which may authorize an attorney to confess judgment against a defendant without prejudgment notice."  *Merchants Bank & Trust* at ¶ 7.  The statutory requirements must be met in order for a court to have subject-matter jurisdiction and for a valid judgment to be granted upon a cognovit note.  *Id.  See also Huntington Nat'l Bank v. 199 S. Fifth St. Co., LLC*, No. 10AP-1082, 2011-Ohio-3707, at ¶ 20 (Ohio Ct. App. 2011) (noting the "general rule that we construe the statutory requirements strictly against the party seeking the cognovit judgment due to the extraordinary nature of the proceedings").

In this case, Plaintiff contends that Defendants failed to follow the statutory requirements and therefore obtained a void cognovit judgment. Specifically, Plaintiff contends that Defendants wrongfully obtained judgment in a county where Plaintiff neither resided nor signed the warrant of attorney. *See* Ohio Rev. Code § 2323.13(A). Plaintiff has made a federal case out of it, asserting that Defendants deprived him of his rights to due process of law under the Fourteenth Amendment to the United States Constitution. (Am. Compl., ¶¶ 87, 92.) As none of Defendants is a government official, the obvious question becomes whether they somehow engaged in state action in obtaining the cognovit judgment of which Plaintiff complains.

### B.  State Action

It is true that under certain circumstances, a private party who invokes a state procedure may become a state actor for purposes of § 1983 liability. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). In *Lugar*, the Supreme Court developed a two-part inquiry, both parts of which must be satisfied, before a private party's act is deemed state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.  . . .  Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State. Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them.

*Id.* at 937.

There is no dispute as to the first element of the two-part inquiry: the power to confess judgment and for the state court to enter cognovit judgments comes from Ohio Rev. Code §§ 2313.12 and 2313.13. The question here is whether Plaintiff has made a sufficient showing with regard to the second part of the inquiry. For Defendants to be considered state actors, their

conduct must somehow be "chargeable to the state." The mere action by a private party pursuant to state statute is not enough to make the private party a "state actor." *Lugar*, 457 U.S. at 938-39. There must be "something more" in order for a private party's conduct to be state action. *Id.*

The Sixth Circuit utilizes three tests to evaluate whether a private party's action is chargeable to the state and therefore considered state action. These tests are (1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship, or "nexus," test. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007). The only test possibly applicable here is the nexus test.[2] "Under the nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Lansing v. City of Memphis*, 202 F.3d 821, 830 (6th Cir. 2000) (citation and internal quotation omitted). There is no clear standard for assessing what is a "sufficiently close nexus." *Id.* "Rather, the Supreme Court reminds us that 'readily applicable formulae may not be fashioned' for finding state action in civil rights cases; such a finding 'can be determined only in the framework of the peculiar facts or circumstances present.'" *Id.* (quoting *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 726 (1961); *see also* Lugar, 457 U.S. at 939. Under the circumstances present here, the Court finds guidance from other cases finding that, as a matter of law, private party action related to a confession of judgment is *not* state action for purposes of § 1983.

---

[2] The public function test "requires that the private entity party exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citation and internal quotation omitted); *see generally Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Lansing*, 202 F.3d at 829 (citation and internal quotation omitted). Neither of these tests is applicable to the situation alleged by Plaintiff here (*i.e.*, private parties obtaining a cognovit judgment, alleged non-compliance with state law).

The Court is not writing on a completely clean slate on this issue.  In *Meros v. Kilbane*, 107 F.3d 12 (table), 1997 U.S. App. LEXIS 2092 (6th Cir. Feb. 4, 1997), the Sixth Circuit addressed the issue of whether a plaintiff stated a cognizable § 1983 claim against private parties in a case where the plaintiff alleged deprivation of his civil rights in connection with two cognovit judgments against him.  After unsuccessfully moving in the state court to declare the cognovit judgments void on grounds that the court lacked subject matter jurisdiction, the plaintiff filed a § 1983 lawsuit in federal court, naming as defendants the state court judges who presided over the cognovit actions and the attorneys who represented the creditor in the actions.  1997 U.S. App. LEXIS 2092, at *4.  The district court dismissed the action as to the private attorney defendants, finding that the alleged actions did not amount to state action.  *Id.* at *6.

The Sixth Circuit affirmed the dismissal of the case.  Noting that the private attorneys' sole action involved their representation of the debtor in the cognovit actions, the Court found that representation of a client, without more, did not amount to state action.  *Id.*  Nor did the court find a cognizable "conspiracy" under § 1983.  "A private party is liable as a state actor for purposes of § 1983 if the private party 'is a willful participate in a joint activity with the State or its agents.'"  *Id.* at *7 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).  Because the plaintiff made only vague and conclusory allegations of conspiracy, he could not establish state action.  *Id.*

The Third Circuit has also addressed the issue of state action in the context of a judgment obtained on a cognovit note.  In *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir. 1994), the plaintiffs sued, among others, attorneys who invoked a "confession of judgment"

clause in a commercial lease.  Among the issues on appeal in *Jordan* was the identical state action issue involved in this case.  *Id.* at 1254.[3]

Applying the state action analysis from the Supreme Court's holding in *Lugar*, the Third Circuit concluded in *Jordan* that the private parties (namely, the attorneys and the creditor) were not state actors for purposes of § 1983 liability in connection with the confession of judgment. *Id.* at 1266.  The state court procedure allowing for confession of judgment was merely the mechanism for allowing private conduct.  While state procedures permitting private parties to file complaints and confess judgment involve acquiescence by the state, such private conduct is not attributable to the state and cannot be considered state action. *Id. See also Jordan v. Fox, Rothschild, O'Brien, and Frankel*, 792 F. Supp. 393, 395 (E.D. Pa. 1992) ("A state procedure permitting private parties to file a complaint and confess judgment essentially involves acquiescence by the state, not compulsion.  In such circumstances, private conduct is not attributable to the state.").  The Third Circuit therefore found that entry of a confessed judgment "is not a state action involving the force of law to an extent sufficient to hold that private persons become state actors" for purposes of § 1983 liability.

This Court sees no reason to decide this case any differently than *Meros* or *Jordan*.  The theory of liability posited by Plaintiff in this case is virtually the same as the theories that the *Meros* and *Jordan* plaintiffs pursued in their cases.  In those cases, the plaintiffs attempted to impose civil rights liability upon private parties for their roles in obtaining allegedly wrongful cognovit judgments.  In both cases, the court found that there was *no* state action and therefore no liability under § 1983.

---

[3] The Third Circuit recited these issues as: "(1) whether a private person becomes a state actor when he causes a court's filing officer to enter a judgment by confession [and] (2) whether entry of judgment by confession and execution on it makes the private persons who cause both state actors."  *Jordan*, 20 F.3d at 1254.

As noted above, under the "nexus" test of determining whether private action can be fairly attributable to the state, there must be a "sufficiently close nexus between the state and the challenged action" such that the private party's action "may be fairly treated as that of the state itself." *Lansing*, 202 F.3d at 830.  Plaintiff's opposition to summary judgment does not explain how there is a "sufficiently close nexus" between Defendants' actions and the state in the cognovit judgment context.  Nor does Plaintiff submit any evidence to demonstrate what that "nexus" may be.  As his basis for state action, Plaintiff simply relies upon the fact that Defendants utilized Ohio's statutory procedure to wrongfully obtain a cognovit judgment in a court that lacked subject matter jurisdiction to render it.  Without more, Plaintiff has not shown the requisite state action needed for a cognizable claim under § 1983.

In his opposition to summary judgment, Plaintiff does not cite, much less try to distinguish, the holdings in either *Meros* or *Jordan*.  Instead, Plaintiff cites to *Todd v. Weltman, Weinberg, and Reis Co., LPA*, 434 F.3d 432 (6th Cir. 2006), for the proposition that private parties, including attorneys, who use state laws "such as garnishment, attachment, replevin, and by extension, cognovit proceedings" can be state actors for purposes of § 1983 and are not immune from liability for torts such as malicious prosecution and abuse of process.  (Pl.'s Memo Contra, ECF No. 61 at PageID# 619.)  But *Todd* is of no help to Plaintiff here.

In *Todd*, the issue before the Sixth Circuit was whether a defendant who commenced garnishment proceedings under Ohio law was entitled to absolute immunity from liability under certain provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1691 et seq.  The plaintiff alleged that the defendant violated the FDCPA by submitting a false affidavit in connection with the defendant's commencement of the garnishment proceeding.

*Todd*, 434 F.3d at 435.  The Sixth Circuit affirmed the district court's ruling that the defendant was not entitled to absolute witness immunity for statements made in the affidavit.  *Id.* at 437-46.

*Todd* is not on point, for it says nothing about the ability of a plaintiff to hold a private party liable under § 1983 for actions taken in a cognovit proceeding.  It is true that the Sixth Circuit, in its exhaustive analysis of the immunity issue in *Todd*, recognized the general rule that private use of state laws related to garnishment, prejudgment attachment, and replevin cases could constitute state action under § 1983.  *Id.* at 439 (citing *Wyatt v. Cole*, 504 U.S. 158, 162 (1992)); *see also Lugar*, 457 U.S. at 932-35.  But despite Plaintiff's conclusory assertion to the contrary, this rule does not apply "by extension" to cognovit proceedings.  Unlike the circumstances under which garnishment, prejudgment attachment, or replevin by private parties are deemed "state action," the mere action of obtaining a cognovit judgment does not enlist the compulsive powers of the state.  As the Third Circuit explained in *Jordan*:

> When the sheriff, on the direct request of [attorney defendants], themselves acting, in turn, on instruction from the [creditor defendants], served the writ garnishing [the plaintiff's] checking account at Fidelity, they caused the state forcibly to deprive [the plaintiff] of its property without the pre-deprivation notice and hearing due process requires. We think their role in this process also satisfies *Lugar*'s and section 1983's requirement that a private party accused of violating the plaintiff's constitutional rights must so act that he can be fairly considered to act under color of law. The deprivation about which [the plaintiff] now complains was accomplished through use of the state's attachment and garnishment procedures and restrained the garnishee from acting under penalty of law.
>
> Unlike the procedure for entry of a judgment by confession, writs of execution and attachment involve actions by state officials that plainly involve or threaten the use of legal force. The district court so decided. We agree and hold that a judgment creditor who uses Pennsylvania's procedure for executing on a confessed judgment acts under color of law and becomes a state actor under *Lugar*.
>
> . . .

> [A] private individual who enlists the compulsive powers of the state to seize property by executing on a judgment without pre-deprivation notice or hearing acts under color of law and so may be held liable under section 1983 if his acts cause a state official to use the state's power of legal compulsion to deprive another of property.

*Jordan*, 20 F.3d at 1267.

Plaintiff in this case has not forwarded any argument to undercut this analysis, relying instead on the conclusory assertion that Defendants may be deemed state actors because private parties have been held to be state actors in garnishment, attachment, and replevin proceedings. But cognovit proceedings are different. To treat Defendants as state actors for their roles in obtaining a cognovit judgment would be nothing more than finding state action based on the mere fact that Defendants acted pursuant to a statutory process. But this is not enough to constitute state action for purposes of § 1983 liability. *Lugar*, 457 U.S. at 938-39.

For these reasons, Plaintiff has not demonstrated that Defendants were state actors for purposes of § 1983 liability. Defendants are therefore entitled to summary judgment on Plaintiff's federal claims.

## IV.

Having found summary judgment appropriate on each of the federal claims alleged in Plaintiff's Amended Complaint, the Court must decide whether to exercise jurisdiction over Plaintiff's state-law claims for abuse of process, negligence, civil conspiracy, and malicious prosecution. Though Defendants move for summary judgment on the merits of these claims, Defendants Martin and Commercial Savings Bank also argue that the Court should decline jurisdiction over the state law claims if the Court (as it does today) grants summary judgment on Plaintiff's § 1983 claims. For his part, Defendant Bartholomew asks the Court to retain jurisdiction over the state-law claims and decide them on summary judgment.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state-law claims where, as here, the district court has disposed of all claims over which it has original jurisdiction.  In making the decision whether to exercise supplemental jurisdiction, a district court should consider and weigh several factors, including the values of judicial economy, convenience, fairness, and comity.  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993). When a district court dismisses all claims over which it had original jurisdiction, the balance of considerations is *likely* to weigh in favor of declining to exercise supplemental jurisdiction. *Gamel* at 952.

In assessing the factors of judicial economy, fairness, and comity, a district court is guided by several specific considerations. Among these are (1) whether the district court should avoid needless state law decisions as a matter of comity, (2) whether the district court, in its disposition of federal-law claim, resolved a related state-law issue, (3) whether similar predicate factual findings are necessary to resolve both the state and the federal claims, (4) whether the district court has expended significant time and resources, (5) whether dismissal or remand will result in duplicative litigation, (6) whether the matter has been on the district court's docket for a significant time, (7) whether the parties have completed discovery, (8) whether plaintiff has abandoned all federal claims at a late stage of the proceedings, and (9) whether a summary judgment motion has been extensively briefed and is ripe for review.  *Ragland v. City of Chillicothe*, No. 2:10-cv-879, 2012 U.S. Dist. LEXIS 55571, at *26-27 (S.D. Ohio Apr. 20, 2012); *Fox v. Brown Memorial Home*, 761 F. Supp. 2d 718, 723-24 (S.D. Ohio 2011).

Admittedly, several of the factors cited above (namely, numbers 5, 6, and 9) cut in favor of this Court's exercise of supplemental jurisdiction.  But this Court finds factors 1 and 2 to be

the most significant and to weigh heavily against retaining jurisdiction.  Defendants contend, among other defenses to the Amended Complaint, that Plaintiff's claims are barred by the doctrine of res judicata due to a prior proceeding in the Delaware (Ohio) County Court of Common Pleas.   As a matter of comity, the Court finds it prudent for an Ohio state court to decide the res judicata effect of a prior Ohio state court judgment.  If this matter proceeds in state court and the court finds no res judicata effect, then the state court is a proper forum for adjudicating the state law claims.

**V.**

For the foregoing reasons, the Court **GRANTS** Defendants' motions for summary judgment (ECF Nos. 56, 57, and 59) as to the federal claims asserted in Plaintiff's Amended Complaint.  Pursuant to 28 U.S.C. § 1367(c), the Court **DISMISSES WITHOUT PREJDUDICE TO REFILING IN STATE COURT** Plaintiff's state-law claims.

In light of the Court's grant of summary judgment on the federal claims and the dismissal of the remaining state law claims, the Court also **DENIES AS MOOT** Plaintiff's motion for class certification (ECF No. 49).

**IT IS SO ORDERED**.

   /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE